UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JARVIS JEROME PHILLIPS,

    Plaintiff,

v.                                                                                             Hon. Hala Y. Jarbou

INGHAM COUNTY, et al.,                                                    Case No. 1:26-cv-27

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Justin Phillips filed his complaint in this action on January 5, 2026, alleging federal law claims pursuant to 42 U.S.C. § 1983 against Ingham County, Brian Hagler, and Unknown Parties John/Jane Doe IV-D Administrators 1–5. Phillips alleges that Defendants violated his right to administrative due process and that Ingham County is liable for the violation pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

On January 6, 2026, I granted Phillips's motion to proceed *in forma pauperis*. (ECF No. 5.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Based on this review, I recommend that the Court dismiss the complaint for failure to state a claim upon which relief can be granted.

### I. Background

Phillips alleges that a child was born on October 24, 2006, at Sparrow Hospital in Lansing, Michigan, and that a certified birth certificate listing him as the child's father, filed on November 3, 2006, established legal paternity as to the child. (ECF No. 1 at PageID.3.) He further alleges

that on February 14, 2007, he appeared at the Ingham County IV-D[1] office and met with Guy L. Sweet, who at that time was Chief of the Family Support Unit. (*Id.* at PageID.3–4.) Phillips alleges that he requested paternity and support services and provided identifying information. However, IV-D records subsequently reflected that the child's father was "unknown." (*Id.* at PageID.4.)

Phillips alleges that, in 2007, Ingham County administrators generated and transmitted a "DP/IV-D CAR" to Wayne County based on false or incomplete administrative data. He alleges that in a letter dated October 4, 2007, Guy L. Sweet confirmed that Ingham County initiated the paternity process and transmitted information to Wayne County. Phillips alleges that Ingham County failed to correct the misclassification despite knowledge that paternity was established, which allowed Wayne County to rely on the defective records to open two DP (paternity) cases over which it lacked subject matter jurisdiction. (*Id.*) Those cases, 07-762259-DP and 07-763755-DP, were filed in 2007 and, over 17 years, resulted in parenting-time directives, support enforcement, criminal referrals, and police-assisted exchanges. *See Phillips v. County of Wayne et al.*, No. 4:25-cv-14149 (E.D. Mich.), ECF No. 1, PageID.3–4.

## II. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

---

[1] IV-D refers to Title IV-D of the Social Security Act, which pertains to services for the establishment of paternity or the establishment, modification, or enforcement of child support obligations for children benefitting from certain public assistance programs funded under the Social Security Act. *See* 42 U.S.C. § 654(4)(A)(i).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III.  Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Hagler

Phillips alleges that Hagler "was, at all relevant times, an IV-D/DHS administrative actor involved in MiCSES classification and CAR processing[,]" and that he "is sued in his individual capacity for administrative acts undertaken under color of law that violated Plaintiff's procedural due-process rights[.]" (ECF No. 1 at PageID.2–3.) Other than generally referencing unspecified "administrative acts" in paragraph 9, the complaint contains no factual allegation indicating how Hagler personally performed any act that violated Phillips's constitutional rights.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally

devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Accordingly, Defendant Hagler should be dismissed from this action on this ground.

### B. *Monell* Claim

Phillips includes a municipal liability claim against Ingham County based on the County's IV-D intake, MiCSES classification, Child Support Court Action Referral ("CAR") generation and transmission, and failure to correct known administrative defects after notice.

It is well established that a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 39 (2010) (citing *Monell*, 436 U.S. at 694). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Like other claims, municipal liability claims under *Monell* must meet *Twombly*'s plausibility standard. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388–89 (6th Cir. 2017) (confirming that the Supreme Court's decisions in *Twombly* and *Iqbal* apply to *Monell* claims); *Rayfield v. City of Grand Rapids*, 373 F. Supp. 3d 962, 977 (W.D. Mich. 2018) ("Conclusory assertions [of a policy or custom] are not enough to state a *Twombly* plausible *Monell* claim.").

Here, Phillips offers nothing more than conclusory assertions as he fails to allege actual facts regarding a specific policy that caused his alleged injury. He alleges that the "misclassification of a known father as 'unknown,' generation and transmission of defective CAR

records, and failure to correct known administrative errors after notice-was not an isolated act, but rather reflected institutional practices, failures of training and supervision, and ratification by inaction." (*Id.* at PageID.5.) Such allegations fall well short of what is required to allege a *Monell* claim. It is simply a conclusion without supporting facts. Therefore, the *Monell* claim is subject to dismissal.

        **C.**      **Due Process Violation**

Phillips alleges that the maintenance of an inaccurate record showing the child's father as "unknown" violated his right to due process. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. . . ." *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Phillips fails to identify a property or liberty interest upon which he asserts his due process claim. It is well established that "inaccurate records compiled or maintained by the government do not, standing alone, state a claim of constitutional injury under the Due Process Clause." *Arzate v. Los Angeles Cnty. Sheriff Dep't*, No. CV 18-6082, 2018 WL 6177220, at *3 (C.D. Cal. Aug. 14, 2018) (citing, among others, *Paul v. Davis*, 424 U.S. 693, 711–14 (1976)). In *Paul*, the Supreme Court articulated the so-called "stigma-plus" test based on government defamation. The Sixth Circuit has summarized this type of due process claim as follows:

6

> [T]he stigma-plus test is used to analyze a due process claim where the action taken by the state injures the plaintiff's reputation. "The frequently drastic effect of the 'stigma' which may result from defamation by the government . . . does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural due process protection of the Due Process Clause." A successful plaintiff must therefore show that the state's action both damaged his or her reputation (the stigma) and that it "deprived [him or her] of a right previously held under state law" (the plus).

*Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 501–02 (6th Cir. 2007) (alterations in original) (quoting *Paul*, 424 U.S. at 701).

This type of claim typically arises when the government maintains a record or a list identifying the plaintiff that contains inaccurate or stigmatizing information. For example, the Sixth Circuit has held that the "stigma-plus" test applied to a plaintiff's claim of wrongful inclusion on a sex offender registry. *See Hart v. Hillsdale Cnty.*, 973 F.3d 627, 643–44 (6th Cir. 2020). This test has also been applied to maintenance of an inaccurate driver's record erroneously attributing points to a driver. *See Gilles v. Touchstone*, 676 F. Supp. 341, 342–44 (D.D.C. 1987). Phillips's claim is not cognizable under the "stigma-plus" due process theory because he does not allege that his name was erroneously included on a government list or that his name, properly included on a government list or record, was associated with incorrect information. Rather, his claim is based on the omission of his name from a record, which does not cause the type of injury addressed in *Paul*.

Accordingly, because Phillips has no general liberty interest in the accuracy of government records, I recommend that this matter be dismissed for the additional reason that Phillips fails to allege a cognizable due process claim.

    **D.**    **Statute of Limitations**

Finally, dismissal is required because Phillips's claims are barred by the statute of limitations for Section 1983 claims. Although the statute of limitations is an affirmative defense,

if the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis for the action. *Collyer*, 98 F.3d at 220.

Here, Phillips claims injury due to the alleged defective Ingham County records that Wayne County relied on to initiate two DP cases, over which he claims the Wayne County Circuit Court lacked subject matter jurisdiction. To the extent Phillips experienced a constitutional injury, that injury occurred no later than 2007, when the two cases were filed. Because Phillips had reason to know of his injury at that time, his claims, asserted in this Court—almost two decades later in 2026—are untimely.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Phillips's complaint for failure to state a claim upon which relief can be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Phillips appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  January 12, 2026                                    /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).